JAN I. GOLDSMITH, City Attorney
DONALD R. WORLEY, Assistant City Attorney
BRIAN D. MURPHY, Deputy City Attorney
California State Bar No. 233582
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:  (619) 533-5856
Attorneys for Defendants
SAN DIEGO POLICE DEPT., OFFICERS MCFALLS (#4473), LOPEZ, (#6654), VALDEZ (#6562), MICHAEL MORAN (#5700)

Exempt from fees per Gov't Code § 6103
To the benefit of the City of San Diego

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS NGUYEN, | Case No.  2011-CV2594 (WQH) NLS |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | Judge: Hon. William Q. Hayes |
| SAN DIEGO POLICE DEPT., OFFICERS MCFALLS (#4473), LOPEZ, (#6654), VALDEZ (#6562), MICHAEL MORAN (#5700), | |
| Defendants. | |

TO:    PLAINTIFFS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that Defendants San Diego Police Department, Sgt. Serena McFalls, Officer Eduardo Lopez, Officer David Valdez and Officer Michael P. Moran pursuant to Federal Rule of Civil Procedure, rule 8(b) and each of them, named in the Complaint, answer that complaint as follows:

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand trial by jury for all issues.

### I. DEFENDANTS' ANSWER

1.    Defendants have insufficient information to admit or deny the allegations contained in Paragraph 1 and, therefore, deny the same.

2.    Defendants have insufficient information to admit or deny the allegations contained in Paragraph 2 and, therefore, deny the same.

3. Defendants have insufficient information to admit or deny the allegations contained in Paragraph 3 and, therefore, deny the same.

## II. AFFIRMATIVE DEFENSES

As separate, distinct and affirmative defenses to the Complaint on file herein, Defendants allege as follows:

Defendants set forth below its affirmative defenses. By setting forth these affirmative defenses, Defendants do not assume the burden of providing any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended to nor shall it be interpreted as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. As and for a First Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that the Complaint, and each and every claim for relief therein, fails to state a claim upon which relief can be granted as against Defendants.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

2. As and for a Second Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that the Complaint, and each cause of action therein, is barred by each and every applicable statute of limitations including, but not limited to, California Code of Civil Procedure sections 337, 338, 339(1), 340, and 343 and, including but not limited to the applicable statute of limitation sections and claims filing requirements set forth in the Government Code.

### THIRD AFFIRMATIVE DEFENSE
(*Laches*)

3. As and for a Third Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that Plaintiff, by his actions and conduct, is barred from recovery against Defendants under the doctrine of *Laches*.

**FOURTH AFFIRMATIVE DEFENSE**

(Waiver)

4. As and for a Fourth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that Plaintiff, by his actions and conduct, has waived any and all claims, rights and/or demands that he may have and upon which the Complaint or claims for relief therein are based and Plaintiff is estopped to assert the claims made by him in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

5. As and for a Fifth Affirmative Defense to the Complaint, and each and every claim for relief therein, Defendants allege that Plaintiff is barred from any affirmative recovery by reason of his own unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

(Uncertainty)

6. As and for a Sixth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that the Complaint is vague, uncertain, ambiguous, and unintelligible.

**SEVENTH AFFIRMATIVE DEFENSE**

(Damages Not Ascertainable)

7. As and for a Seventh Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that some or all of the claims for damages in the Complaint are barred because the damages alleged, if any, are not ascertainable in their nature and origin and therefore cannot be recovered.

**EIGHTH AFFIRMATIVE DEFENSE**

(Estoppel)

8. As and for an Eighth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that Plaintiff is estopped by his own conduct and omissions from asserting any claims, damages or seeking other relief from Defendants.

**NINTH AFFIRMATIVE DEFENSE**

(No Recovery)

9. As and for a Ninth Affirmative Defense to the Complaint, and each and every claim for relief therein, Defendants allege that Plaintiff is not entitled to recover in the capacity sought.

**TENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

10. As and for a Tenth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants assert that Plaintiff is barred from any recovery against Defendants by reason of his failure to mitigate his damages. Plaintiff has not been damaged. However, to the extent Plaintiff proves otherwise, he failed to take adequate steps to minimize, alter, reduce or otherwise diminish his damages, if any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, Plaintiff is barred from the recovery of damages, recovery of damages must be offset due Plaintiff's failure to mitigate or damages should be dismissed based on Plaintiff's failure to mitigate.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Superseding or Intervening Cause)

11. As and for an Eleventh Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that any and all injuries, if any, and damages, if any, sustained or suffered by Plaintiff were proximately caused or contributed to by the acts or omissions of other persons or entities. Said acts or omissions were an intervening and/or superseding cause of the injuries, if any, and damages, if any, thus barring Plaintiff from any recovery against Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

(Good Faith)

12. As and for a Twelfth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that at all times they acted in good faith and with a reasonable belief that the purported conduct was lawful and necessary.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Public Entity Immune from Liability)

13. As and for a Thirteenth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that they are immune from liability in that a public entity is not liable for an injury arising out of its acts or omissions or of a public employee, in the absence of a statute declaring such liability.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(No Liability on Public Entity When Employee is Immune from Liability)

14. As and for a Fourteenth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that they are not liable for an injury arising out of an act or omission of its employees, where the subject employee is immune from liability.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(No Liability for Discretionary Acts)

15. As and for a Fifteenth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that they are not liable for injuries resulting from acts or omissions which were an exercise of discretion in the absence of a statute declaring such liability.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Liability for Injuries Resulting from Judicial or Administrative Proceedings)

16. As and for a Sixteenth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that they are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(No Liability for Enforcement of Penal Code)

17. As and for a Seventeenth Affirmative Defense to the Complaint, and to each and every claim for relief therein Defendants allege that they are not liable for the execution or enforcement of the California Penal Code where they exercised due care.

**EIGHTTEENTH AFFIRMATIVE DEFENSE**

(No Color of Law)

18. As and for an Eighteenth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege they are not liable for violation of the Plaintiff's civil rights in that the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Reasonable Force Used)

19. As and for a Nineteenth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that only necessary force was used in Defendants' interactions with Plaintiff.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Performance of Duties Required by Law)

20. As and for a Twentieth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that at all times they performed duties required by law and performed duties under the conditions required by law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Qualified Immunity)

21. As and for a Twenty-First Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendant police officers allege that they are immune from liability under the doctrine of Qualified Immunity because, among other things, they acted during the course and scope of their employment.

**TWENTY- SECOND AFFIRMATIVE DEFENSE**

(*Res Judicata*)

22. As and for a Twenty-Second Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that one or several of Plaintiff's causes of action in the Complaint is barred under the doctrine of *res judicata*.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Collateral Estoppel)

23. As and for a Twenty-Third Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that one or several of Plaintiff's causes of action in the Complaint is barred under the doctrine of collateral estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Lack of Causation)

24. As for a Twenty-Fourth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that none of the acts, conduct, and/or omissions attributed to Defendants in the Complaint may be regarded as the actual or proximate cause of any damages Plaintiff seeks to recover.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

25. As and for an Twenty-Fifth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege Plaintiff assumed the risk of sustaining injury by all or some of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff is barred from pursuing this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Plaintiff's Actions Were the Proximate Cause of His Injuries/Property Damage)

26. As and for a Twenty-Sixth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege Plaintiff's actions or omissions were the proximate cause of his injuries.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(No *Nexus*)

27. As and for a Twenty-Seventh Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege Plaintiff's claims are barred in whole or in part due to Plaintiff's failure to meet his burden of demonstrating a *nexus* between Defendants' alleged conduct and any impact on Plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
(Negligence)

28. As and for a Twenty-Eighth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that Plaintiff was careless and negligent in and about the matters alleged in the Complaint, and said carelessness and negligence on Plaintiff's own part proximately contributed to the incident or the alleged injuries, losses and damages complained of, if any there were, the liability for which must be apportioned, reduced, or barred in accordance with the law of comparative negligence.

### TWENTY-NINTH AFFIRMATIVE DEFENSE
(Apportionment/Not Sole Proximate/Legal Cause)

29. As and for a Twenty-Ninth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants are not legally responsible for any alleged damages claimed by Plaintiff. If, however, Defendants are found to be legally responsible, Defendants' legal responsibility is not the sole and proximate cause of any injury, and damages awarded to Plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, and/or the agents, servants, unnamed third parties actors who contributed to and/or caused said incidents according to proof presented at the time of trial.

### THIRTIETH AFFIRMATIVE DEFENSE
(Comparative Fault)

30. As and for a Thirtieth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that if Plaintiff suffered any loss as alleged in his Complaint, which Defendants deny, then any such loss was proximately or legally caused or contributed to by the Plaintiff at all times set forth in the Complaint. Consequently, Plaintiff's recovery, if any, should be barred or reduced in accordance with the laws of comparative fault.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
(Reasonable Conduct)

31. As and for a Thirty-First Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that any and all acts or omissions of Defendants

and their agents or employees, which allegedly contributed to the incident which is the subject of this action were reasonable.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(No Vicarious Liability)

32. As and for a Thirty-Second Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that they are not vicariously liable for any and all acts or omissions attributable to other persons, entities or defendants and their agents or employees.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(No Participation in Alleged Misconduct of Other Defendants)

33. As and for a Thirty-Third Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that they did not cause, authorize, permit, participate in, aid or abet, or conspire with respect to, any of the alleged misconduct alleged against other defendants.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Truth)

34. As and for a Thirty-Fourth Affirmative Defense to the Complaint, and to each and every claim for relief therein, Defendants allege that any allegations are false or any said is true which eviserates Plaintiff's defamation claim.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Additional Affirmative Defenses)

35. As and for a Thirty-Fifth Affirmative Defense to the Complaint and to each and every claim for relief therein, Defendants allege that their discovery and investigation in this matter is ongoing. Accordingly, Defendants expressly reserve the right to modify or supplement their affirmative defenses as appropriate. Defendants' assertion of any affirmative defense shall not be construed as a concession as to whether or not Defendants bear the burden of proof on any particular issue. Defendants currently have insufficient information upon which to form a belief

as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants, therefore, reserve the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

### DEFENDANTS' PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff's Complaint and all claims therein be dismissed with prejudice;
2. That Plaintiff take nothing by virtue of this action;
3. For costs of suit incurred herein, including attorneys' fees;
4. For an order of this Court denying all relief sought by Plaintiff herein; and
5. For such other and further relief as this Court may deem just and proper.

Dated: November 14, 2011          JAN I. GOLDSMITH, City Attorney


                                  By   /s/ Brian D. Murphy
                                       Brian D. Murphy
                                       Deputy City Attorney