|  |  |
|---|---|
| THOMAS NGUYEN,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>KATHRYN ALBAN; SAN DIEGO POLICE DEPARTMENT; OFFICER SERENA MCFALLS; OFFICER LOPEZ; OFFICER VALDEZ; OFFICER MICHAEL MORAN,<br><br>　　　　　Defendants. | CASE NO. 11CV2594-WQH-NLS<br><br>ORDER |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

HAYES, Judge:

The matters before the Court are the Motion to Dismiss filed by Defendant Kathryn Alban[1] (ECF No. 6) and the Request to Enter Default against Defendant Alban filed by Plaintiff Thomas Nguyen (ECF No. 15).

## I.   Background

On September 22, 2011, Plaintiff initiated this action by filing a Complaint in the Superior Court of California for the County of San Diego. (ECF No. 1 at 6). On November 7, 2011, Defendants removed the matter to this Court asserting that this Court has original federal question jurisdiction. (ECF No. 1 at 2). On November 14, 2011, Defendants San

---

[1] Defendant Kathryn Alban asserts that she was erroneously sued as Officer K. Albans (clinician #0498).

1 Diego Police Department, Officer Serena McFalls, Officer Eduardo Lopez, Officer David
2 Valdez, and Officer Michael Moran filed an Answer. (ECF No. 2).

3     On November 21, 2011, Plaintiff filed an Opposition to the Notice of Removal. (ECF
4 No. 5 at 2). On December 2, 2011, Defendants filed a Reply. (ECF No. 9).

5     On November 22, 2011, Defendant Kathryn Alban filed a Motion to Dismiss the
6 Complaint. (ECF No. 6). On December 12, 2011, Plaintiff filed an Opposition. (ECF No.
7 13). Plaintiff also filed a Request to Enter Default against Defendant Alban. (ECF No. 15).
8 On December 19, 2011, Defendant Alban filed a Reply. (ECF No. 17).

9 **II.    Entry of Default**

10     Plaintiff seeks entry of default judgment against Defendant Alban on the grounds that
11 she did not respond to the Complaint within 30 days from the date of service. Plaintiff
12 contends that the Complaint, filed in the California Superior Court, was served on October 11,
13 2011. Plaintiff contends that Defendant Alban did not file her Motion to Dismiss until
14 November 22, 2011. Plaintiff has submitted a copy of the "Register of Action" from the
15 California Superior Court identifying each entry on the docket for this case. (ECF No. 5 at 4).
16 The Register of Action reflects that, on November 16, 2011, a "Notice of Removal to Federal
17 Court" was filed. *Id.*

18     Defendant Alban contends that on October 17, 2011 she was served with the Complaint.
19 Defendant Alban contends that on November 15, 2011, the other Defendants filed a notice of
20 removal and that, pursuant to Federal Rule of Civil Procedure 81(c), she was required to file
21 her motion to dismiss no later than seven days after the notice of removal was filed. Defendant
22 Alban contends that her motion to dismiss, filed on November 22, 2011, is timely.

23     Federal Rule of Civil Procedure 81 provides that, after removal to federal court, a
24 defendant who has not answered before removal "must answer or present other defenses or
25 objections under these rules" within the following periods, whichever is longer:

26     (A) 21 days after receiving--through service or otherwise--a copy of the
    initial pleading stating the claim for relief;
27
28     (B) 21 days after being served with the summons for an initial pleading
    on file at the time of service; or

(C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c).

Federal Rule of Civil Procedure 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court. Rule 55(a) requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

The Notice of Removal in this case was filed in on November 16, 2011. Defendant Alban filed the Motion to Dismiss on November 22, 2011. The Court finds that Plaintiff has failed to show that Defendant Alban did not plead or otherwise defend in this case. The Request to Enter Default against Defendant Alban (ECF No. 15) is DENIED.

## III. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief. Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To sufficiently state a claim to relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d

1  979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss."). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### A.   Claim One - "Civil Rights"

Defendant Alban contends that the first claim identifies the San Diego Police Department, Officer Lopez, and Officer Valdez, but does not identify Defendant Alban. Defendant contends that the claim alleges that there was a First Amendment violation, but it does not allege any "specific actions, practices, or policies of Defendant Alban that infringed on Plaintiff's civil rights." (ECF No. 6-1 at 4).

Plaintiff contends that "[a]ll defendants were cooperated as a team to do only one task: Get rid of me from the parade." (ECF No. 13 at 1). Plaintiff contends that the first claim is alleged against Defendant Alban because she "put me in mental jail, so I could not do my rights (Freedom of Speech) at the parade anymore" and that Alban "locked my chance to protest." *Id.* at 2.

"[A]s a general matter, the First Amendment means that government has no power to restrict expression because of its message, its ideas, its subject matter, or its content." *United States v. Stevens*, — U.S. —, 130 S.Ct. 1577, 1584 (2010) (quoting *Ashcroft v. Am. Civil Liberties Union*, 535 U.S. 564, 573 (2002) (noting that First Amendment principles are not "absolute")); *see also Anderson v. City of Hermosa Beach*, 621 F.3d 1051, 1058 (9th Cir. 2010) ("[P]ure speech is entitled to First Amendment protection unless it falls within one of the categories of speech ... fully outside the protection of the First Amendment[.]" (quotation and citation omitted)). "The essential thrust of the First Amendment is to prohibit improper restraints on the voluntary public expression of ideas ...." *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 897 (9th Cir. 2008).

In the Complaint, Plaintiff alleges:

> Civil Rights: San Diego Police arrested me at San Diego Big Balloon Parade on Thursday December 30, 2010 while I was protesting against CIA under the live reporter TV station booth. Officer Lopez and Valdez squeezed my arms in my back and dragged me out of the TV booth. I was handcuffed, stuffed in a patrol car, questioned, evaluated, and then handed over to a mental-health BHC of Scripps Mercy hospital. This act violated badly First Amendment (Freedom of Speech).

(ECF No. 1 at 6).

Plaintiff has failed to allege any facts to show Defendant Alban's involvement in the alleged infringement of his right to freedom of speech. The Court finds that Plaintiff has failed to allege facts plausibly suggestive of a claim that Defendant Alban violated his right to freedom of speech pursuant to the First Amendment.

**B.     Claim Two - Defamation**

Defendant Alban contends that the second claim references both Defendant Alban and Officer Moran but fails to identify the individual who made the allegedly defamatory statements. Defendant Alban contends that, even if Plaintiff alleges that Defendant Alban made the allegedly defamatory statements, the statements were expressions of opinion rather than factual assertions. Defendant Alban contends that Plaintiff has failed to allege that the statements were false or adequately allege that Plaintiff has suffered damage.

Plaintiff contends that "Albans [sp] was a clinician, so she was responsible to deal with medical staffs at Emergency room," and that "Albans [sp] is a liar and a bad clinician." (ECF No. 13 at 2).

The elements of a defamation claim are (1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1369 (2010); *see also Gilbert v. Sykes*, 147 Cal. App. 4th 13, 27 (2007). "Statements ... cannot form the basis of a defamation action if they cannot reasonably [be] interpreted as stating actual facts about an individual." *Gilbert*, 147 Cal. App. 4th at 27. "[D]efamation alone is not actionable under section 1983." *Czapleski v. Woodward*, 1991 WL 639360 at *3 (N.D. Cal. 1991) (citing *Paul v. Davis*, 424 U.S. 693, 710-12 (1976)). In order to have an actionable section 1983 claim, the defamatory statements

must accompany a concurrent deprivation of a constitutionally recognized "protectable interest." *Id*. (citing *Paul*, 424 U.S. 693 at 712).

In the Complaint, Plaintiff alleges:

> Defamation: Officer Michael Moran and [Defendant Alban] lied to medical staffs of Scripps Mercy that I was a mental ill, "had malnourished appearance", and I yelled at women and children at the parade. So they put me in mental-health jail under Section 5150. This damaged my reputation so much. I had two master degrees in Computer Science and Physics. I might not get any jobs in the future because I had been slandered as a mental ill person in Police record. This can cost me a fortune.

(ECF No. 1 at 6).

Plaintiff has failed to allege sufficient facts to show that the allegedly defamatory statements accompanied a concurrent deprivation of his constitutionally recognized protectable interest. The Court finds that Plaintiff has failed to allege facts sufficient to show a claim of defamation against Defendant Alban.

### C.   **Claim Three - False Arrest**

Defendant Alban contends that the third claim mentions the San Diego Police Department but does not allege a claim against Defendant Alban. Defendant Alban contends that the fraud claim is not pleaded with the requisite level of particularity. Plaintiff contends that Defendant Alban has read the Complaint too narrowly and that "there is no doubt that the arrest was fraudulent and a false arrest." (ECF No. 13 at 2).

Plaintiff listed his third claim as "Fraud." To state a claim for fraud, the plaintiff must allege "a representation, usually of fact, which is false, knowledge of its falsity, intent to defraud, justifiable reliance on the misrepresentation, and damage resulting from that justifiable reliance." *Stansfield v. Starkey,* 220 Cal. App. 3d 59, 72-73 (1990). Plaintiff has failed to identify the specific content of any false representations, his knowledge of any false representations, an intent to defraud him, or that he justifiably relied on any misrepresentation. The Court does not construe the Complaint to allege a claim of fraud.

Under California law, "false arrest and false imprisonment are not separate torts. False arrest is but one way of committing a false imprisonment...." *Asgari v. City of Los Angeles*, 15 Cal.4th 744, 752 n.3 (1997) (quotations omitted). "[A] police officer is granted statutory

immunity from liability for malicious prosecution, but not for false arrest and imprisonment." *Asgari*, 15 Cal.4th at 752. To state a claim of false arrest against an individual, a plaintiff must show that "there has been an unlawful arrest followed by imprisonment." *City of Newport Beach v. Sasse*, 9 Cal. App. 3d 803, 810 (1970); *see also George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992) (Penal Code § 847(a) protects police officers from civil liability for false arrest or imprisonment arising out of an arrest if the arrest is lawful or the officer had reasonable cause to believe it was lawful.").

In the Complaint, Plaintiff alleges: "Fraud: San Diego Police arrested me under Section 5150 is a fraud: false arrest. To thousands of people at the parade and at the hospital, I was a bad guy who had been arrested by police." (ECF No. 1 at 6-7). As noted above, Plaintiff also alleges that "Officer Lopez and Valdez squeezed my arms in my back and dragged me out of the TV booth. I was handcuffed, stuffed in a patrol car, questioned, evaluated, and then handed over to a mental-health BHC of Scripps Mercy hospital." *Id*. at 6. The Court construes the third claim as a claim of false arrest.

Plaintiff has failed to allege any facts to show Defendant Alban's involvement in the false arrest. The Court finds that Plaintiff has failed to allege facts plausibly suggestive of a claim that Defendant Alban is liable for false arrest.

**IV.  Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendant Alban (ECF No. 6) is GRANTED. The Complaint is DISMISSED as to Defendant Alban. The Request to Enter Default against Defendant Alban filed by Plaintiff Nguyen (ECF No. 15) is DENIED.

DATED: March 14, 2012

**WILLIAM Q. HAYES**
United States District Judge