UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS NGUYEN, | ) | Case No.  11-cv-2594 (WQH) MDD |
| Plaintiff, | ) ) | |
| v. | ) ) | **PRETRIAL ORDER** |
| SAN DIEGO POLICE OFFICERS EDUARDO LOPEZ (#6654) & DAVID VALDEZ (#6562) , | ) ) ) ) | |
| Defendants. | ) ) ) ) ) ) ) ) | PRETRIAL CONF.:  April 17, 2015 TIME:   11:00 a.m. CTRM: 14B JUDGE: Hon. William Q. Hayes |

Following pretrial proceedings and pursuant to F.R.Civ.P.16 and Local Rule 16.1(7)(c), IT IS ORDERED:

## I

This is a lawsuit alleging violations of 42 U.S.C. § l983.  The plaintiff is Thomas Nguyen.  The defendants are San Diego Police Officers Eduardo Lopez and David Valdez.  Plaintiff alleges that defendants violated his free-speech rights under the First Amendment to the United States Constitution, and that they violated the Fourth Amendment by falsely arresting him and using excessive force against him.

991758                                             1

The pleadings that raise the issues are plaintiff's First Amended Complaint (Docket No. 69) and the Answer of Defendants San Diego Police Officers Eduardo Lopez and David Valdez to Plaintiff's First Amended Complaint (Docket No. 76).

II

Federal jurisdiction is invoked upon the grounds that this action is brought under 42 U.S.C. § 1983 and thus raises a federal question.  Venue is proper because the claims arise from events that took place in the Southern District of California.

III

The following facts are admitted and require no proof:

1.      On December 30, 2010, the Port of San Diego held its annual Big Balloon Parade (also known as the Holiday Bowl Parade) on Harbor Drive in San Diego, California.

2.      Plaintiff protested against the Central Intelligence Agency ("CIA") on and around Harbor Drive during the 2010 Big Balloon Parade, both verbally and through a hand-printed sign he carried.

3.      Defendants are police officers employed by the San Diego Police Department.

4.      Defendants were assigned patrol duties at the 2010 Big Balloon Parade.

5.      Defendants removed plaintiff from the parade route, took his sign, handcuffed him, and put him in the back seat of a patrol car.

6.      Defendants or other officers of the San Diego Police Department requested that the San Diego County Psychiatric Emergency Response Team ("PERT") assess plaintiff to determine whether he should be evaluated at a certified psychiatric facility pursuant to California Welfare and Institutions Code section 5150.

7.      Defendants were acting under color of state law regarding their actions challenged in this action, in their capacities as San Diego Police Officers.

8.      PERT Clinician Kathryn Alban and San Diego Police Officer Michael Moran responded to the officers' request for a PERT assessment.

9.      After Ms. Alban assessed plaintiff, she decided that that he should be evaluated at a certified psychiatric facility pursuant to California Welfare and Institutions Code section 5150.

10.     Officer Moran and Ms. Alban took plaintiff to Scripps-Mercy Hospital for further evaluation.

11.     Plaintiff remained at Scripps-Mercy Hospital for two days.

IV

The reservations as to the facts recited in paragraph III above are as follows:

Regarding fact 11, Defendants object to any testimony or evidence as to Scripps-Mercy Hospital's diagnosis and release of Plaintiff.   Such evidence is irrelevant, unduly prejudicial, and potentially confusing.  Defendants are concerned that plaintiff may argue that Scripps-Mercy Hospital's diagnosis somehow casts doubt on the assessment of plaintiff that defendants and Ms. Alban made at the parade.

V

The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:

None

VI

The following issues of fact, and no others, remain to be litigated upon the trial:

1.      What were the facts and circumstances known to defendants when they seized plaintiff on December 30, 2010?

2.      When defendants seized plaintiff, did they believe, or entertain a strong suspicion, that plaintiff was as a result of a mental disorder gravely disabled, or a danger to himself or others?

3.      Was plaintiff's protected speech a substantial or motivating factor in defendants' seizure of plaintiff?

4.      Was defendants' seizure of plaintiff a substantial factor in causing him harm?

5.      Did defendants use unreasonable force against plaintiff?

6.      Was defendants' use of unreasonable force a substantial factor in causing plaintiff harm?

7.      If plaintiff prevails on any of his claims, what is the present cash value of damages for the injuries that defendants caused him?

8.      Did plaintiff use reasonable efforts to mitigate damages?

9.      Did defendants act with malice, oppression, or in reckless disregard of plaintiff's rights?

10.     All relevant facts relating to whether plaintiff is entitled to punitive damages against defendants and, if so, the amount thereof.

## VII

The list of exhibits that may be offered at trial is attached hereto.  Each party is filing separately any objections to the opposing parties' exhibits and witnesses.

## VIII

The witnesses who may be called by plaintiff and defendants are as follows:

**PLAINTIFFS' WITNESS LIST**

1.      Thomas Nguyen - Plaintiff

2.      Officer Eduardo Lopez

3.      Officer David Valdez

**DEFENDANTS' WITNESS LIST**

1.      Katherine Albans

2.      Sergeant Jesus Cesena (Ret.)

3.      Shane Fortin

4.      Officer Eduardo Lopez

991758

4

5.      Officer Michael Moran

6.      Thomas Nguyen

7.      John Spriet

8.      John F. Turner

9.      Officer David Valdez

**DEFENDANTS' EXPERT WITNESS LIST**

1.      Marcy Worthington, MS

IX

The following issues of law, and no others, remain to be litigated upon the trial:

1.      Based on the facts determined upon the trial, are defendants entitled to qualified immunity (*i.e.*, was the law governing defendants' conduct clearly established, and under that law could reasonable officers believe that their conduct was lawful)?

2.      Did defendants violate plaintiff's free-speech rights under the First Amendment?

3.      Did defendants unlawfully seize plaintiff, in violation of his Fourth Amendment right against unreasonable seizure?

4.      Did defendants use excessive force against plaintiff, in violation of his Fourth Amendment right against unreasonable seizure?

5.      Is plaintiff entitled to general and compensatory damages for injuries and damages proximately caused by defendants' acts and, if so, in what amount?

6.      Is plaintiff entitled to punitive damages against one or more defendants and, if so, in what amount?

7.      Is plaintiff entitled to costs and attorneys pursuant to 42 U.S.C. § 1988 and, if so, in what amount?

///

X

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this order shall supplement the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

XI

The parties contemplate filing 1-3 motions in limine.

XII

Regarding whether this case will be tried by jury, or by the Court without a jury, the parties' respective positions are as follows:

**DEFENDANTS' POSITION**: As the Court's docket reflects, plaintiff failed to timely serve and file a jury demand; therefore, this case should be tried by the Court. Fed.R.Civ. Proc. 38(b) & (d); 39(b). This case is uniquely suited to a bench trial: defendants believe that despite counsel's best efforts, plaintiff will repeatedly testify and argue about irrelevant, unfounded, inflammatory, and otherwise inadmissible matters, and believe that the Court is far better suited than a jury to disregard such confusing and prejudicial testimony and decide the case based on pertinent matters. Defendants will ask the Court for a chance to brief the law plaintiff cites below.

**PLAINTIFF'S POSITION**: The Plaintiff's position is that he did not waive his right to a jury trial. It is true that Plaintiff did not formally demand trial by jury until he was appointed Counsel and filed an Amended Complaint. Normally, a "demand for a jury trial first appearing in an amended pleading is only effective as a demand for a jury trial of issues raised the first time by the amendment." *Pradier v. Elespuru,* 641 F.2d 808, 810 n.1 (9th Cir. 1981).

However, if a case is removed from state court and "the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Fed. R. Civ. P.

81 (3)(A); *see also  Segal v. Amer. Cas. Co. of Reading, Pa.*, 250 F. Supp 936, 939 (Dist. Ct. Md.1966) ("under Rule 81[] a party seeking a jury must, after removal, make a formal demand for a jury trial if, in the court from which the case was removed, he would have had to take some action to exercise his right to a jury trial.").

Here, the Defendants removed this case from California state court.  See Docket No. 1.  Plaintiff need not have taken any action to preserve his right to a jury trial in California.  Litigants in California state court are guaranteed the right to trial by jury in civil cases.  Cal. Cosnt. Art. 1, § 16.  "In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute."  Cal. Const. Art. 1, § 16.  None of the requirements for a valid waiver of the right to trial by jury, under California law, occurred in this case.  Cal. Code Civ. P. § 631 (a) & (f).

As Plaintiff never waived his right to a jury trial in California, he never 'waived' that right when Defendants removed his case to federal court.  Fed. R. Civ. P. 81 (3)(A).

## XIII

The trial of this case will be bifurcated.  All issues triable to the finder of fact other than the amount of punitive damages will be tried first.

## XIV

Plaintiff and Defendants will each have nine (9) hours to present their respective cases.

Dated:  April 23, 2015

Hon. William Q. Hayes
United States District Judge

991758

7

Case No.  11-cv-2594 (WQH) MDD

APPROVED AS TO FORM AND CONTENT:

Dated:  April 10, 2015          JAN I. GOLDSMITH, City Attorney

By  */s/ Timothy C. Stutler*
    Timothy C. Stutler
    Chief Deputy City Attorney

Attorneys for Defendants SAN
DIEGO POLICE OFFICERS
EDUARDO LOPEZ AND DAVID
VALDEZ
TStutler@sandiego.gov

Dated:  April 10, 2015          ROBERT H. REXRODE, ESQ.

By  */s/ Robert H. Rexrode*
    Robert H. Rexrode

Attorney for Plaintiff
robert_rexrode@rexrodelawoffices.com

**SIGNATURE CERTIFICATION**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to Robert H. Rexrode, counsel for Plaintiff and that I have obtained counsel's authorization to affix his electronic signatures to this document.

Dated:  April 10, 2015                    JAN I. GOLDSMITH, City Attorney


By  */s/  Timothy C. Stutler*
  Timothy C. Stutler
  Chief Deputy City Attorney

Attorneys for Defendants SAN DIEGO POLICE OFFICERS EDUARDO LOPEZ AND DAVID VALDEZ

TStutler@sandiego.gov

991758

9