


Case 3:11-cv-02594-WQH-MDD   Document 99   Filed 06/03/15   PageID.823   Page 1 of 7

2015 JUN -3 PM 4:10

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ wp _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS NGUYEN,<br><br>                Plaintiff,<br>vs.<br>SAN DIEGO POLICE OFFICERS<br>EDUARDO LOPEZ (#6654) &<br>DAVID VALDEZ (#6562),<br>                Defendants. | CASE NO. 11cv2594-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Opposition to Plaintiff's Request for a Jury Trial (ECF No. 90) filed by Defendants.

## BACKGROUND

On September 22, 2011, Plaintiff, proceeding pro se, initiated this action by filing a Complaint in San Diego County Superior Court. (ECF No. 1 at 6). The Complaint alleges in its entirety:

> 1. CIVIL RIGHTS: San Diego Police arrested me at [the] San Diego Big Balloon Parade on Thursday December 30, 2010 while I was protesting against [the] CIA under the live reporter TV station booth. Officer Lopez and Valdez squeezed my arms in my back and dragged me out of the TV booth. I was handcuffed, stuffed in a patrol car, questioned, evaluated, and then handed over to a mental-health BHC of Scripps Mercy hospital. This act violated badly FIRST AMENDMENT (Freedom of Speech).
>
> 2. DEFAMATION: Officer Michael Moran and K. Albans lied to medical staff[] of Scripps Mercy that I was a mental ill, 'had malnourished appearance,' and I yelled at women and children at the parade. So they

put me in mental-health jail under Section 5150. This damaged my reputation so much. I had two master degrees in Computer Science and Physics. I might not get any jobs in future because I had been slandered as a mental ill person in Police record. This can cost me a fortune.

3. FRAUD: San Diego Police arrested me under Section 5150 is a fraud: false arrest. To thousands of people at the parade and at the hospital, I was a bad guy who had been arrested by police.

In short, not only ... had [I] ... suffered during police arrest and two days in mental jail, but I also had ... suffered loss of my reputation and loss of earning capacity for the rest of my life.

*Id.* at 6-7.

On November 7, 2011, Defendants removed the action to this Court on the basis of federal question jurisdiction. (ECF No. 1). On November 14, 2011, Defendants San Diego Police Department, McFalls, Lopez, Valdez, and Moran filed an Answer. (ECF No. 2).

On November 22, 2011, Defendant Alban filed a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 6). On December 12, 2011, Plaintiff filed an opposition to the motion to dismiss. (ECF No. 13). On March 14, 2012, the Court granted the motion to dismiss and dismissed the Complaint as to Defendant Alban for failure to comply with the applicable pleading standards. (ECF No. 22).

On December 19, 2012, all remaining Defendants filed a motion for summary judgment. (ECF No. 28). On August 15, 2013, the Court issued an Order granting in part and denying in part the motion for summary judgment. (ECF No. 47). The motion for summary judgment was denied as to the following claims: the First Amendment claim against Lopez and Valdez; the Fourth Amendment excessive force claim against Lopez and Valdez; the Fourth Amendment detention without probable cause claim against Lopez and Valdez; and the state law false arrest claim against Lopez, Valdez and the San Diego Police Department. *Id.*

On April 27, 2014, Plaintiff filed the First Amended Complaint ("FAC") with jury demand. (ECF No. 69). The First Amended Complaint asserts the following claims for relief: (1) violation of Plaintiff's First Amendment rights, free speech,

against Defendants Cesena, Lopez and Valdez; (2) violation of Plaintiff's Fourth Amendment rights, excessive force, against Defendants Lopez and Valdez; (3) violation of Plaintiff's Fourth Amendment rights, false arrest, against Defendants Lopez, Valdez and Alban; (4) violation of California law, false arrest, against Defendants Lopez, Valdez, San Diego Police Department and Alban; (5) violation of California Civil Code section 52.1 against Defendants Lopez, Valdez, San Diego Police Department and Alban; (6) negligence, California Government Code section 820, against Defendants Lopez, Valdez, San Diego Police Department and Alban; (7) battery, California Government Code section 820, against Defendants Lopez, Valdez, San Diego Police Department and Alban.

On May 12, 2014, Defendants Cessena, Lopez, San Diego Police Department, and Valdez filed a motion to dismiss First Amended Complaint. (ECF No. 71). On May 19, 2014, Defendant Albans filed a motion to dismiss for lack of jurisdiction. (ECF No. 72). On June 30, 2014, the Court issued an Order granting the unopposed motions to dismiss the First Amended Complaint. (ECF No. 75). The Order stated that "[t]he sole remaining claims are causes of action one through three of the First Amended Complaint against Lopez and Valdez." *Id.* at 1. On July 14, 2014, Defendants Lopez and Valdez filed an Answer. (ECF No. 76).

On April 15, 2015, Defendants filed the Opposition to Plaintiff's Request for a Jury Trial. (ECF No. 90). Defendants contend that Rule 38(b) requires a party to serve and file his jury demand no later than fourteen days after service of the last pleading directed to an issue, and noncompliance constitutes a waiver of a jury trial. Defendants contend that the last pleading directed to the remaining issues before the Court is Defendants' Answer filed and served on November 14, 2011, but Plaintiff did not demand a jury under Rule 38(b) until filing the First Amended Complaint on April 27, 2014, more than two years later. Defendants contend that Plaintiff's First Amended Complaint did not revive his right to a jury trial. Defendants further contend that Rule 81(3)(A) does not excuse Plaintiff's waiver of his right to a jury trial. Defendants

contend that Section 631 of the California Code of Civil Procedure requires an express demand to obtain a jury trial.

On May 1, 2015, Plaintiff filed a response in support of a jury trial. (ECF No. 97). Plaintiff's response states that "[c]ounsel concedes that Plaintiff has not properly demanded trial by jury," but "asks this Court to exercise its discretion, under Federal Rule of Civil Procedure 19, to 'order a jury trial on any issue for which a jury might have been demanded.'" (ECF No. 97 at 2). Plaintiff contends that the failure to demand a trial by jury was neither an oversight nor inadvertent, and it would be unfair to deny Plaintiff his right to trial by jury. Plaintiff contends that Defendants removed the case to federal court, triggering the federal requirements and that Plaintiff was unrepresented by counsel at the time which he would have had to demand a trial by jury. Plaintiff contends that "[u]nder these circumstances, it would be unfair to not allow him the right to a jury trial – a right [Plaintiff] need do nothing to secure in the court he chose to file his action." *Id.* at 4.

## RULING OF COURT

Federal Rule of Civil Procedure 38 states in relevant part:

> (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:
>
> (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served;
>
> ...
>
> (d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Fed. R. Civ. P. 38(b), (d). If a case is removed from state court, Federal Rule of Civil Procedure 81(c) provides in relevant part that:

> A party who, before removal, expressly demanded a jury trial in accordance with state law need not renew the demand after removal. If the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time.

Fed. R. Civ. P. 81(c)(3)(A). Rule 81 also provides that, if the initial pleadings served

and filed at the time of removal do not include a jury demand, a party desiring a jury trial must file a demand within fourteen days after being served with the notice of removal. Fed.R.Civ.P. 81(c)(3)(B)(ii).

District courts in this circuit have held that California law requires an express demand to obtain a jury trial. *See Wave House Belmont Park, LLC v. Travelers Prop. Cas. Co. of Am.*, 244 F.R.D. 608, 613 (S.D. Cal. 2007) ("California law requires an express demand to obtain a jury trial. Plaintiff cannot rely on the provision in Rule 81(c) excusing a party from filing a jury demand where the case is removed from a state court that does not require an express demand. Rule 39(b) is the only way for plaintiff to obtain relief from its untimely jury demand."); *Ortega v. Home Depot U.S.A., Inc.*, No. CIV. 2:11-1921 WBS, 2012 WL 77020, at *3 (E.D. Cal. Jan. 10, 2012) ("The application of Rule 81(c) does not vary based on the stage of litigation in state court at the time of removal, but rather on whether the state requires an express demand to preserve the party's right to a jury trial. As California requires an express demand, it is irrelevant that plaintiff had not yet waived her right to a jury trial in state court when the case was removed. Plaintiff was obligated under the federal rules to file her demand for a jury trial within fourteen days of removal and she failed to do so.").

Plaintiff did not demand a jury in his original complaint filed in state court, nor did Plaintiff file a demand within fourteen days after being served with notice of removal. Plaintiff did not demand a jury until filing his FAC, over two years after removal. Furthermore, Plaintiff's Counsel "concedes that Plaintiff has not properly demanded trial by jury." (ECF No. 97 at 2).

"Issues on which a jury trial is not properly demanded are to be tried by the court." Fed. R. Civ. P. 39(b). However, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." *Id.* The Ninth Circuit Court of Appeals has held that:

> The district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one. That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence.

*Pac. Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (citing *Lewis v. Time Inc.*, 710 F.2d 549, 556-57 (9th Cir.1983)) (internal citation omitted). An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown. *See Mardesich v. Marciel*, 538 F.2d 848, 849 (9th Cir.1976); *see also Russ v. Standard Ins. Co.*, 120 F.3d 988, 989-90 (9th Cir.1997) (holding that the district court could not employ another rule to circumvent this circuit's prohibition on granting untimely jury demands due to inadvertence). "A good faith mistake of law is no different than inadvertence or oversight. Therefore, an untimely jury demand due to legal mistake does not broaden the district court's narrow discretion to grant the demand." *Pac. Fisheries Corp.*, 239 F.3d at 1003.

Furthermore, a good faith mistake on the part of a pro se plaintiff that is unaware of the requirements of Rule 38(b) establishes no more than inadvertence. *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). In *Zivokovic*, the plaintiff argued that "his untimely demand for a jury trial should be excused because he filed his complaint pro se and was unaware of the requirements of Rule 38(b)." *Id.* The Ninth Circuit found that "*Zvikovic's* good faith mistake as to the deadline for demanding a jury trial establishes no more than inadvertence, which is not a sufficient basis for granting relief from an untimely jury demand." *Id.*; *see also Kulas v. Flores*, 255 F.3d 780, 784 (9th Cir. 2001) (holding that a pro se plaintiff waived any right to a jury trial by failing to file a timely demand as required by Fed. R. Civ. P. 38(b)). The Court finds that Plaintiff's failure to demand a jury trial pursuant to Federal Rule of Civil Procedure 38(b) cannot be characterized as anything other than oversight or inadvertence. Accordingly, there are no facts in this case which would permit the Court to use its discretion to order a jury trial.

///

IT IS HEREBY ORDERED that Defendants' Opposition to Plaintiff's Request for a Jury Trial (ECF No. 90) is SUSTAINED.

DATED: 6/3/15

WILLIAM Q. HAYES
UNITED STATES DISTRICT COURT